■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER POSNJAK, Appellant.—Judgment unanimously reversed, motion granted and matter remitted to Erie County Court for further proceedings on the indictment. Memorandum: At about 4:45 A.M. two Buffalo police officers on patrol received a radio message that shots had been fired at the corner of Hazel and Main Streets in Buffalo. The officers received no information on the source of the complaint, the specific location of the incident, the number of persons involved or the description of any suspect. They drove to the intersection named and observed four men standing on the corner. The only other person in the vicinity was a tavern owner who was closing for the night. The area had normal street illumination and was quiet. Without inquiry, the two officers proceeded to frisk the four men. Once they started, the defendant, who was the last to be frisked, started to walk away. The officers ordered him to stop and then frisked him. They found a gun in defendant's rear pocket. He was charged with unlawful possession of the weapon and subsequently pleaded guilty after County Court refused to suppress the evidence. We reverse. The police officers lacked reasonable grounds to suspect that defendant had committed, was committing or was about to commit a crime. They made no inquiry of him before frisking him. They observed no weapon or suspicious bulge upon his person, and in fact

the police witness testified that the only danger apprehended was because of the nature of the complaint itself, not any threat posed by defendant or his associates. That being so, the stop and frisk was unauthorized and the evidence unlawfully seized (CPL 140.50, subds 1, 2; cf. *People v McLaurin,* 43 NY2d 902; *People v De Bour,* 40 NY2d 210). The District Attorney has requested that if we reverse the order denying suppression, we remit so that he may prove (because County Court denied him an opportunity to do so) that the defendant belonged to a street gang and the incident occurred in a "high crime area" (see *People v Havelka,* 45 NY2d 636, 643; *People v Malinsky,* 15 NY2d 86). That information, when added to the meager basis for the officers' actions, would not justify this action (see *People v Havelka, supra,* p 641) and we decline to reopen the hearing. (Appeal from judgment of Erie County Court—attempted criminal possession of a weapon, third degree.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.